1/25/2022 10:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61117825
By: Patricia Jones
Filed: 1/25/2022 9:45 AM

CAUSE NO. _____

| | | |
|---|---|---|
| Ismael Martinez, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*; | § | |
| | § | |
| vs. | § | |
| | § | |
| Honeywell International, Inc.; | § | HARRIS COUNTY, TEXAS |
| Honeywell Safety Products USA, Inc.; | § | |
| Honeywell Building Solutions SES Corp.; | § | |
| Wanzek Construction, Inc.; | § | |
| Enel North America, Inc.; and | § | |
| Enel North America X, Inc.; | § | |
| *Defendants*. | § | \_\_\_\_\_TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

The plaintiff, Ismael Martinez, complains of defendants Honeywell International, Inc.; Honeywell Safety Products USA, Inc.; Honeywell Building Solutions SES Corporation; Wanzek Construction, Inc.; Enel North America, Inc., and Enel North America X, Inc. and will show the Court the following:

### I.
### DISCOVERY

1. Plaintiff intend to conduct discovery under Discovery Level 2 pursuant to Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2. Venue is here because the principal places of business in Texas for defendants Honeywell International, Inc.; Honeywell Safety Products USA, Inc.; and Wanzek Construction, Inc. are located in Harris County, Texas. This Court has general and specific jurisdiction over all the defendants because each defendant has ongoing and systemic contacts

EXHIBIT B

with the State of Texas and because each of the defendants committed a tort in Texas. Removal is not proper because defendants Honeywell Building Solutions SES and Wanzek Construction, Inc. are headquartered in Texas and therefore Texas residents.

### III.
### PARTIES

3. Plaintiff is a Texas resident.

4. Defendant Honeywell International, Inc. is a foreign corporation that conducts substantial business in Texas. It may be served via its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company; 211 E. 7th Street, Suite 620; Austin, Texas 78701.

5. Defendant Honeywell Safety Products USA, Inc. is a foreign corporation that conducts substantial business in Texas. It may be served via its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company; 211 E. 7th Street, Suite 620; Austin, Texas 78701.

6. Defendant Honeywell Building Solutions SES Corporation is a foreign corporation headquartered in Austin, Texas at 701 Brazos Street, Suite 1050. It may be served via its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company; 211 E. 7th Street, Suite 620; Austin, Texas 78701.

7. Defendant Wanzek Construction, Inc. is a foreign corporation headquartered in Houston, Texas at 24 Greenway Plaza, Suite 1100. It may be served via its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company; 211 E. 7th Street, Suite 620; Austin, Texas 78701.

2

Certified Document Number: 100022707 - Page 2 of 16

8.  Defendant Enel North America, Inc. is a foreign corporation that conducts substantial business in Texas. It may be served via its registered agent: Cogency Global, Inc.; 1601 Elm Street, Suite 4360; Dallas, Texas 75201.

9.  Defendant Enel X North America, Inc. is a foreign corporation that conducts substantial business in Texas. It may be served via its registered agent: Cogency Global, Inc.; 1601 Elm Street, Suite 4360; Dallas, Texas 75201.

## IV.
## FACTS

10. On or about November 16, 2021, Ismael Martinez suffered severe injuries when he fell during inspection of a wind-turbine generator during the final stages of construction of defendant Enel North America, Inc. and/or Enel North America X, Inc.'s (collectively, "Enel") "Azure Sky Wind" project. To conduct the inspection at great heights, Mr. Martinez relied on the "Vi-Go" cable-arrest device/system manufactured, sold, and distributed by defendants Honeywell International, Inc.; Honeywell Safety Products USA, Inc.; and/or Honeywell Building Solutions SES Corporation (collectively, "Honeywell").

11. Honeywell represents and warrants that Vi-Go "provide[s] the ultimate in safety with continuous fall protection when climbing fixed ladders." *See* https://sps.honeywell.com/us/en/products/safety/fall-protection/vertical-systems/miller-vi-go-vertical-ladder-climbing-cable-system (accessed January 18, 2022). Honeywell's product brochure further represents and warrants that Vi-Go conforms with various European, American, and Canadian standards, and that is safe for use and to protect against falls.

12. Defendants Enel and its contractor, Wanzek Construction, Inc. ("Waznek"), selected, installed, required, and/or maintained the Vi-Go. Enel and/or Wanzek also had responsibility for fall protection during the Azure Sky Wind Project, and were responsible for implementing and enforcing adequate policies and procedures to ensure the safety of all workers working at heights, including Mr. Martinez.

13. The Vi-Go failed to function as intended and warranted, and did not arrest Mr. Martinez's fall on the date in question. Enel and Wanzek also failed to properly and adequately select, install, and/or maintain the fall-protection equipment for the project, including the Vi-Go. Enel and Wanzek also failed to implement and enforce adequate policies and procedures to mitigate, prevent, and/or eliminate the risk of falls from heights during the project.

14. As a result of Honeywell, Enel, and Wanzek's negligence, and as a result of Honeywell's defective and unreasonably dangerous product, Mr. Martinez suffered severe injuries, including a broken femur, fractured vertebrae, multiple skull fractures, a traumatic brain injury, vision injuries, and injuries to other parts of his body.

V.
CAUSES OF ACTION

A. **Negligence, Negligence Per Se, Gross Negligence (Enel and Wanzek)**

15. Plaintiff incorporates all of the allegations set forth in Section (IV) above as if stated fully herein. Enel and Wanzek were negligent, negligent per se, and grossly negligent for the following reasons:

- Failing to warn Plaintiff of a known dangerous condition;
- Failing to provide adequate safety equipment;

Certified Document Number: 100022707 - Page 4 of 16

- Failing to provide adequate fall-protection equipment;

- Failing to properly and adequately install adequate fall-protection equipment;

- Failing to properly and adequately maintain adequate fall-protection equipment;

- Failing to properly and adequately inspect fall-protection equipment;

- Failing to supervise their employees and/or agents;

- Failing to create and/or enforce adequate safety policies and procedures;

- Failing to take action to prevent the incident in question;

- Vicariously liable for their employees and/or agents;

- Violating applicable government regulations, laws, and rules; and

- Other acts deemed negligent and grossly negligent.

16. In addition, all relevant times, Mr. Martinez was an invitee on the property in question. At all relevant times, Enel and Wanzek owned, operated, controlled, and/or managed the subject property. As the owner and occupier of the subject property, Enel and Wanzek owed duties to Mr. Martinez, including a duty to maintain the premises in a reasonably safe condition, to inspect the premises for hazardous conditions, and to make safe any such conditions and give adequate warning of the same. Enel and Wanzek breached these duties.

17. Mr. Martinez's injuries were proximately caused by Enel and Wanzek's negligence, negligence *per se*, and/or gross negligence.

B. **Negligence, Negligence Per Se, Gross Negligence (Honeywell)**

18. The plaintiff incorporates all allegations set out above. Honeywell owed Mr. Martinez a duty of ordinary care with respect to the manufacturing, design, testing, construction,

5

fabrication, production, assembly, marketing, distribution and/or sale of the the "Vi-Go" cable-arrest device/system

19. Honeywell was negligent in breaching said duty as described herein. Specifically, Honeywell negligently manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, distributed, and/or sold the Vi-Go cable-arrest device/system.

20. Honeywell knew or should have known of the underlying defective and dangerous condition of the Vi-Go cable-arrest device/system yet they manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, distributed, and/or sold the Vi-Go cable-arrest device/system for use by Plaintiff.

21. Honeywell was negligent when it manufactured, designed, constructed, fabricated, produced, assembled, marketed, distributed and/or sold the Vi-Go cable-arrest device/system which created a substantial and/or extreme degree of risk of serious bodily injury associated with its failure to properly function without creating, generating and/or causing a burn hazard.

22. Honeywell's negligence, negligence *per se*, and gross negligence was a direct and proximate cause of the plaintiff's damages.

C.  **Manufacturing Defect (Honeywell)**

23. The plaintiff repeats and re-alleges each allegation contained above. Mr. Martinez's injury was reasonably foreseeable and he was an intended end user/enjoyer of the Vi-Go cable-arrest device/system in question. His injuries were the result of manufacturing defects relating to the Vi-Go cable-arrest device/system in question. Mr. Martinez was in a class of persons that Honeywell should have reasonably foreseen as being subject to the harm caused by

6

Certified Document Number: 100022707 - Page 6 of 16

the manufacturing defects relating to Vi-Go cable-arrest device/system in question. The Vi-Go cable-arrest device/system was defectively manufactured when they left Honeywell's control.

24. The Vi-Go cable-arrest device/system was defectively manufactured because its use creates a substantial and/or extreme degree of risk of serious bodily injury associated with its failure to properly function without creating, generating and/or causing a burn hazard.

25. The Vi-Go cable-arrest device/system deviated in terms of their construction and/or quality from the specifications or intended functionality in a manner that renders it unreasonably dangerous. The Vi-Go cable-arrest device/system in question was flawed and did not properly conform to Honeywell's own specifications nor was it identical to its mass labeled siblings.

26. Prior to the time of Mr. Martinez's use of the Vi-Go cable-arrest device/system, Honeywell knew or should have known that (1) it would be purchased and/or used without inspection for manufacturing defects; (2) about the Vi-Go cable-arrest device/system's manufacturing defects; and (3) that the defective nature of the Vi-Go cable-arrest device/system had previously caused serious bodily injury to purchasers and/or users of the product.

27. Mr. Martinez could not, in the exercise of reasonable care, have discovered the defective nature of the Vi-Go cable-arrest device/system. He could not have known that the Vi-Go cable-arrest device/system was manufactured, designed, tested, constructed, fabricated, produced, assembled, marketed, supplied, distributed, and/or sold in such a manner that would increase the risk of serious injury. Ordinary consumers would not have recognized the potential risks of the Vi-Go cable-arrest device/system in question.

Certified Document Number: 100022707 - Page 7 of 16

28. The Vi-Go cable-arrest device/system at the time of the fire, were being used in the manner intended by Honeywell or in the alternative, used or misused in a manner that was reasonably foreseeable by Honeywell as involving a substantial danger not readily apparent. At the time Mr. Martinez used the Vi-Go cable-arrest device/system, it was in substantially the same condition as when it left the possession of Honeywell.

29. Honeywell failed to give adequate warnings of the latent dangers associated with the Vi-Go cable-arrest device/system in question. The Vi-Go cable-arrest device/system in question was unreasonably dangerous for its intended uses due to the manufacturing defects described herein. The benefits of the Vi-Go cable-arrest device/system in question were not outweighed by the risks associated with its manufacturing defects. There existed safer alternative designs. The safer alternative designs would have prevented the subject injuries. The safer alternative designs were economically and technologically feasible at the time the Vi-Go cable-arrest device/system left the control of Honeywell. Honeywell failed to identify dangers posed by the Vi-Go cable-arrest device/system; investigate complaints about malfunctions and/or injuries correlating to use of the Vi-Go cable-arrest device/system; perform adequate testing to identify dangers posed by the Vi-Go cable-arrest device/system; perform testing to identify methods for mitigating the dangers posed by the Vi-Go cable-arrest device/system's use; and develop and provide adequate warnings of the latent dangers created by the Vi-Go cable-arrest device/system's use.

30. The Vi-Go cable-arrest device/system was unsafe for its express and intended purposes. Mr. Martinez detrimentally relied on representations, express and implied, that the Vi-Go cable-arrest device/system would function properly and would be safe for him to

8

Certified Document Number: 100022707 - Page 8 of 16

use/enjoy. Honeywell should not have placed the Vi-Go cable-arrest device/system on the market given its defective condition, improper labeling and inadequate instructions and warnings.

31.     The manufacturing defects described above were a direct and proximate cause of Mr. Martinez's damages as described below.

**D.     Design Defect (Honeywell).**

32.     The plaintiff repeats and re-alleges each allegation contained above. Mr. Martinez's injury was reasonably foreseeable and he was an intended end user/enjoyer of the Vi-Go cable-arrest device/system in question. His injuries were the result of design defects relating to the Vi-Go cable-arrest device/system in question. Mr. Martinez was in a class of persons that Honeywell should have reasonably foreseen as being subject to the harm caused by the design defects of the Vi-Go cable-arrest device/system in question. The Vi-Go cable-arrest device/system was defectively designed when it left Honeywell's control.

33.     The Vi-Go cable-arrest device/system was defectively designed because its use creates a substantial and/or extreme degree of risk of serious bodily injury associated with its failure to properly function.

34.     Honeywell have a duty to design a reasonably safe product. This duty extends to both intended and reasonably foreseeable uses of the product. The Vi-Go cable-arrest device/system was designed in a manner that renders it unreasonably dangerous.

35.     Prior to the time of Mr. Martinez's use of the Vi-Go cable-arrest device/system, Honeywell knew or should have known that (1) it would be purchased and/or used without inspection for design defects; (2) about the Vi-Go cable-arrest device/system's design defects; and

9

Certified Document Number: 100022707 - Page 9 of 16

(3) that the defective nature of the Vi-Go cable-arrest device/system had previously caused serious bodily injury to purchasers and/or users of the product.

36. The plaintiff could not, in the exercise of reasonable care, have discovered the defective nature of the Vi-Go cable-arrest device/system. He could not have known that the Vi-Go cable-arrest device/system was manufactured, designed, tested, constructed, fabricated, produced, assembled, marketed, supplied, distributed and/or sold in such a manner that would increase the risk of serious injury. Ordinary consumers would not have recognized the potential risks of the Vi-Go cable-arrest device/system.

37. The Vi-Go cable-arrest device/system at the time of the fire, were being used in the manner intended by Honeywell or in the alternative, used or misused in a manner that was reasonably foreseeable by Honeywell as involving a substantial danger not readily apparent. At the time Mr. Martinez used the Vi-Go cable-arrest device/system, it was in substantially the same condition as when it left the possession of Honeywell.

38. Honeywell failed to give adequate warnings of the latent dangers associated with the Vi-Go cable-arrest device/system in question. The Vi-Go cable-arrest device/system in question was unreasonably dangerous for its intended uses due to the design defects described herein. The benefits of the Vi-Go cable-arrest device/system in question were not outweighed by the risks of associated with its design defects. There existed safer alternative designs. The safer alternative designs would have prevented the subject injuries. The safer alternative designs were economically and technologically feasible at the time the Vi-Go cable-arrest device/system left the control of Honeywell it failed to identify dangers posed by the Vi-Go cable-arrest device/system; investigate complaints about malfunctions and/or injuries correlating to use of

Certified Document Number: 100022707 - Page 10 of 16

the Vi-Go cable-arrest device/system; perform adequate testing to identify dangers posed by the Vi-Go cable-arrest device/system; perform testing to identify methods for mitigating the dangers posed by the Vi-Go cable-arrest device/system's use; and develop and provide adequate warnings of the latent dangers created by the Vi-Go cable-arrest device/system's use.

39. The Vi-Go cable-arrest device/system was unsafe for its express and intended purposes. Mr. Martinez detrimentally relied on representations, express and implied, that the Vi-Go cable-arrest device/system would function properly and would be safe for Plaintiff to use. Honeywell should not have placed the Vi-Go cable-arrest device/system on the market given its defective condition, improper labeling and inadequate instructions and warnings.

40. The design defects described above were a proximate cause of the plaintiff's damages as described below.

E.   **Marketing Defect (Honeywell)**

41. The plaintiff repeats and re-alleges each allegation contained above. Honeywell had a duty to warn of the potential harm presented by the defective nature of the Vi-Go cable-arrest device/system in question. This duty extends to what Honeywell knew or should have known as to the potential harm presented by the nature of its product. Honeywell marketed the Vi-Go cable-arrest device/system without adequate warnings of the dangers associated with its use and failed to provide adequate instructions for its safe use.

42. Mr. Martinez's injury was reasonably foreseeable and he was an intended end user/enjoyer of the Vi-Go cable-arrest device/system in question. Honeywell failed to provide adequate warnings as to the dangers associated with the Vi-Go cable-arrest device/system and/or adequate instructions for its safe use when the product left Honeywell's control or any relevant

11

Certified Document Number: 100022707 - Page 11 of 16

time thereafter. Mr. Martinez was in a class of persons that Honeywell should have reasonably foreseen as being subject to the harm caused by the marketing defects of the Vi-Go cable-arrest device/system in question. The Vi-Go cable-arrest device/system was defectively designed when it left Honeywell' control.

43. Honeywell failed to adequately warn that use of the Vi-Go cable-arrest device/system creates a substantial and/or extreme degree of risk of serious bodily injury associated with its failure to properly function without generating and/or causing electric arching and/or a burn hazard.

44. Honeywell failed to provide adequate instructions that would allow users to mitigate the risks described above. Such warnings and instructions would have allowed the ability to protect against and mitigate the risk of harm. Because such warnings and/or instructions were not given and/or where inadequate, the Vi-Go cable-arrest device/system had a marketing defect and was unreasonably dangerous.

45. Prior to the time of the plaintiff's use of the Vi-Go cable-arrest device/system, Honeywell knew or should have known that (1) it would be purchased and/or used without inspection for marketing defects; (2) about the Vi-Go cable-arrest device/system's marketing defects; and (3) that the defective nature of the Vi-Go cable-arrest device/system had previously caused serious bodily injury to purchasers and/or users of the product.

46. Mr. Martinez could not, in the exercise of reasonable care, have discovered the defective nature of the Vi-Go cable-arrest device/system. He could not have known that the Vi-Go cable-arrest device/system was manufactured, designed, tested, constructed, fabricated, produced, assembled, marketed, supplied, distributed and/or sold in such a manner that would

12

increase the risk of serious injury and/or death. Ordinary consumers would not have recognized the potential risks of the Vi-Go cable-arrest device/system.

47. The Vi-Go cable-arrest device/system at the time of injury was being used in the manner intended by Honeywell or in the alternative, used or misused in a manner that was reasonably foreseeable by Honeywell as involving a substantial danger not readily apparent. At the time Mr. Martinez used the Vi-Go cable-arrest device/system, it was in substantially the same condition as when it left the possession of Honeywell.

48. Honeywell failed to give adequate warnings of the latent dangers associated with the Vi-Go cable-arrest device/system in question. The Vi-Go cable-arrest device/system in question was unreasonably dangerous for its intended uses due to the design defects described herein. The benefits of the Vi-Go cable-arrest device/system in question were not outweighed by the risks of associated with its marketing defects. There existed safer alternative designs. The safer alternative designs would have prevented the subject injuries. The safer alternative designs were economically and technologically feasible at the time the Vi-Go cable-arrest device/system left the control of Honeywell. Honeywell failed to identify dangers posed by the Vi-Go cable-arrest device/system; investigate complaints about malfunctions and/or injuries correlating to use of the Vi-Go cable-arrest device/system; perform adequate testing to identify dangers posed by the Vi-Go cable-arrest device/system; perform testing to identify methods for mitigating the dangers posed by the Vi-Go cable-arrest device/system's use; and develop and provide adequate warnings of the latent dangers created by the Vi-Go cable-arrest device/system's use.

49. The Vi-Go cable-arrest device/system was unsafe for its express and intended purposes. Mr. Martinez detrimentally relied on representations, express and implied, that the

13

Certified Document Number: 100022707 - Page 13 of 16

Vi-Go cable-arrest device/system would function properly and would be safe for him to use. Honeywell should not have placed the Vi-Go cable-arrest device/system on the market given its defective condition, improper labeling and inadequate instructions and warnings.

50. The marketing defects described above were a proximate cause of the plaintiff's damages as described below.

## VI.
## DAMAGES

51. As a direct and proximate result of Honeywell, Enel, and Waznek's conduct, Mr. Martinez suffered serious physical and emotional injuries for which he will likely never recover. He has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, his physical pain, physical impairment and mental anguish will continue indefinitely. Mr. Martinez has also suffered substantial impairment to his earning capacity as a direct and proximate result of Honeywell, Enel, and Waznek's negligence. His damages will continue indefinitely as well. He has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

52. In addition, Mr. Martinez entitled to punitive damages because the aforementioned actions of the Honeywell, Enel, and Waznek were grossly negligent. The defendants acted with flagrant and malicious disregard of Plaintiff's (and others') health and safety. Their acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Mr. Martinez and others. Honeywell, Enel, and Waznek had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Mr. Martinez is entitled to and seek exemplary damages.

## VII.
### JURY DEMAND

53.     The plaintiff, Ismael Martinez, demands a trial by jury on all issues.

## VIII.
### PRAYER

The plaintiff prays that this citation issue and be served upon each defendant in a form and manner prescribed by law, requiring that each defendant appear and answer, and that upon final hearing, Plaintiff have judgment against the defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which Mr. Martinez may show himself justly entitled. Mr. Martinez seeks monetary relief over $1,000,000.

**DATED: January 24, 2021.**

Certified Document Number: 100022707 - Page 15 of 16

Respectfully submitted,

**ARNOLD & ITKIN, LLP**

*/s/ Jason A. Itkin*

_____

Jason A. Itkin
Texas Bar No. 24032461
Noah M. Wexler
Texas State Bar No. 24060816
Ben Bireley
Texas State Bar No. 24098255
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
bbireley@arnolditkin.com
e-service@arnolditkin.com

***Plaintiff's Attorneys***



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 15, 2022

Certified Document Number:        100022707 Total Pages:  16

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**